Opinion filed November 2, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 2, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00126-CV 

                                                    __________

 

                          DESSALAGN BEFEKADU ET AL, Appellants

 

                                                             V.

 

                  THURMAN
PERMANENT A-1, L.L.C. ET AL, Appellees

 



 

                                      On
Appeal from County Court at Law No. 2

 

                                                          Dallas County, Texas

 

                                           Trial
Court Cause No. CC-04-07426-B

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








Dessalagn
Befekadu, Uchenna Orogbu, Josephat Onyema, George Nwaugha, Victor Onyeujo, and
Luz Hortencia Solis (appellants) brought suit for breach of contract against
Thurman Permanent A-1, L.L.C., individually and in its capacity as the general
partner of Thurman Apartments of Dallas II, L.P.; Thurman Apartments of Dallas
II, L.P.;[1]
Christon Company; and Dallas
 Independent School
 District. 
The trial court granted Dallas
I.S.D.=s motion for summary judgment and severed
the school district from the cause of action.[2]  The trial court granted Thurman=s and Christon=s motions for summary judgment on December
10, 2004, and it is from those orders that appellants appeal.  We affirm.

Each
appellant entered into a lease agreement with Thurman.  Christon served as the leasing agent for
Thurman.  Each lease contained a
provision concerning condemnation that provided:

If, during the Lease Term or any extension
thereof, all or a substantial part of the Demised Premises are taken for any
public or quasi-public use under any governmental law, ordinance or regulation
or by right of eminent domain, or are conveyed to the condemning authority
under threat of condemnation, this Lease shall terminate and the monthly
installments of Rent shall be abated during the unexpired portion of the Lease
Term, effective from the date of the taking. . . . Landlord and Tenant shall
each be entitled to receive and retain such separate awards and portions of
lump sum awards as may be allocated to their respective interests in any
condemnation proceeding.  The termination
of this Lease shall not affect the rights of the parties to such awards. 

 

Thurman
sold the property to Dallas I.S.D. under threat of condemnation in March
2004.  No condemnation proceedings were
ever initiated.  Pursuant to the terms of
the lease, conveyance under threat of condemnation terminated the lease between
appellants and Thurman.  Appellants
brought suit for breach of contract, and the trial court granted Thurman=s and Christon=s motions for summary judgment.  

In two
issues on appeal, appellants first contend that the trial court erred in
granting summary judgment because the lease provided for appellants to be
compensated in the event of termination 
under threat of condemnation. 
Next, they argue that the interpretation of the condemnation clause
creates a fact issue precluding summary judgment.








Thurman
filed a traditional motion for summary judgment.  If the movant in a traditional motion for
summary judgment establishes that no genuine issue of material fact exists and
that the party is entitled to judgment as a matter of law, then the trial court
must grant the motion.  Lear Siegler,
Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991).  The trial court must also grant a
motion for a traditional summary judgment if a defendant conclusively negates
at least one element of the plaintiff's claim.  
Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  Upon review of a traditional motion for
summary judgment, we take as true evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in favor of the
nonmovant. Id.;  Kelly v. LIN Television of Tex., L.P., 27
S.W.3d 564 (Tex. App.CEastland 2000, pet. denied).

The
trial court granted Thurman=s and Christon=s motions for summary judgment without
specifying the grounds upon which it relied in granting the motions.  When a trial court=s order granting summary judgment does not
specify the ground or grounds relied upon for its ruling, summary judgment will
be affirmed on appeal if any of the summary judgment grounds advanced by the
movant are meritorious.  Dow Chem. Co.
v. Francis, 46 S.W.3d 237, 242 (Tex.
2001); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

The
parties to the lease agreed that the landlord and tenant Ashall each be entitled to receive and
retain such separate awards and portions of lump sum awards as may be allocated
to their respective interests in any condemnation proceeding.@  
Appellants claim that Thurman is required to compensate them for the
sale of the property to Dallas I.S.D., and they also argue the condemnation
provision is ambiguous.  The provision
states appellants were entitled to receive and retain any separate award
allocated to them in a condemnation proceeding. 
There was no condemnation
proceeding.  There is undisputed summary
judgment evidence that the property was conveyed under threat of
condemnation.  The condemnation clause is
not ambiguous in providing that the tenants were entitled to any separate award
allocated to them in a condemnation proceeding. 
The trial court did not err in granting Thurman=s
and Christon=s motions
for summary judgment.  Appellant=s first and second issues on appeal are
overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 2, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]In their brief, Thurman Permanent A-1, L.L.C. and
Thurman Apartments of Dallas II, L.P. state that any distinction between the
two entities for purposes of this appeal are of no consequence.  Therefore, we will collectively refer to the
two entities as Thurman. 





[2]Dallas Independent School District is not a party in this appeal.